CHESAPEAKE & O. COAL & COKE CO. v. BLACK, SHERIDAN & WILSON et al.

(Circuit Court of Appeals, Eighth Circuit. May 12, 1915.)

No. 4231.

CORPORATIONS ⬥628—INSOLVENCY AND RECEIVERS—DISTRIBUTION OF ASSETS.
   Where, prior to the appointment by a federal court of a receiver for the property of a corporation, a creditor had obtained a judgment against the corporation in a state court which was a lien on its real estate, and a garnishment had also been issued and served, the receiver took the property subject to the liens thereby acquired, and the federal court was without authority to require the creditor to surrender the lien secured by its garnishments as a condition to sharing in the proceeds of the real estate sold by the receiver.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. ⬥628.]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit in equity by the Whitney-Kemmerer Company, a partnership, against the St. Louis Blast Furnace Company and others. Appeal by Chesapeake & Ohio Coal & Coke Company from a provision of a decree distributing assets of defendant. Modified.

Edwin C. Luedde (Augustus L. Abbott and John B. Edwards, both of St. Louis, Mo., on the brief), for appellant.

William G. Pettus, of St. Louis, Mo., for appellees.

Before SANBORN and SMITH, Circuit Judges.

SANBORN, Circuit Judge. This is the case of another creditor of the St. Louis Blast Furnace Company that held bonds of that corporation which the latter had pledged to the appellant, the Chesapeake & Ohio Coal & Coke Company, a corporation, to secure an antecedent debt of the furnace company to it. The court below adjudged these bonds void because they were issued in violation of the provisions of

section 8, art. 12, of the Constitution of Missouri, and of section 2981, Revised Statutes of Missouri 1909. The Ohio Company appealed, specified that ruling as error, and caused its case to be argued and submitted to this court with Mudge v. Black, Sheridan & Wilson et al., 224 Fed. 919, and other cases which involved the correctness of that ruling and in which the opinion is filed herewith. For the reasons stated in Kemmerer v. St. Louis Blast Furnace Co., 212 Fed. 63, 128 C. C. A. 519, and in the opinion in that case, the ruling challenged is sustained and affirmed.

The coal company presents another complaint. The proceedings in these cases were had in the suit of Kemmerer v. St. Louis Blast Furnace Co. which was instituted on October 19, 1911, and the rulings assailed are in the decree of distribution of the proceeds of the property of the furnace company which was rendered in that case on June 12, 1913. The court had appointed a receiver of the property of the furnace company in that suit on September 24, 1912, and the property mortgaged to secure the bonds had been sold under a decree of foreclosure rendered October 23, 1912. On November 29, 1912, the court had appointed a special master to hear claims and especially to report the character of the claims and the respective rights of the claimants to priority, if any, in the distribution of the assets of the furnace company, and it was upon his report and exceptions thereto that the decree of distribution was founded.

Prior to the appointment of the receiver, the coal company had brought an action and had recovered a judgment against the furnace company in the circuit court of the City of St. Louis for $18,491.81. "On the day fixed by the master," reads the statement of the evidence approved by the court below under rule 75 in equity for the purpose of the appeal to this court, "the Chesapeake & Ohio Coal & Coke Company appeared by its attorney and presented to and filed with the special master one bond for $1,000 and four bonds of $500 each, making a total face value of $3,000 bonds of the blast furnace company, and in presenting these bonds attorney for the claimant stated that he presented them subject to whatever rights the claimant had obtained by virtue of the garnishments hereinafter described, that the Chesapeake & Ohio Coal & Coke Company held these bonds as collateral security for an indebtedness the principal sum of which was $17,654.31, which indebtedness had been reduced to judgment in the circuit court of the city of St. Louis. On this judgment the Chesapeake & Ohio Coal & Coke Company had obtained and claimed a prior lien arising from a garnishment issued on execution issued prior to the appointment of the receiver on which garnishment the Chesapeake & Ohio Railway Company and the Southern Railway Company had been summoned as garnishees. The certificate of the clerk of the circuit court was offered in evidence showing a judgment in favor of the plaintiff." The facts that the coal company recovered its judgment in the St. Louis circuit court against the furnace company for $18,491.81, and that this judgment secured to it a lien prior to the claim of the receiver on all the real estate not covered by the mortgage of the furnace company in the city of St. Louis, and on condition

that it released its garnishments, entitled it to a proper proportionate lien with other judgment creditors on the assets in the hands of the receiver realized from the sale of the said real estate were found by the master and reported to the court. The master and the court allowed the claim of the coal company as a general creditor for the amount of its judgment. Thereupon the court decreed that the coal company "recall, dismiss, and release all executions upon any and all judgments procured by it against the St. Louis Blast Furnace Company, and dismiss and release all garnishments sued out in aid of the same," and this portion of its decree is specified as error by the appellant.

Prior to the appointment of the receiver by the federal court, the coal company had, by the judgment, execution, and garnishment of the state court secured a lien upon all the realty of the furnace company in St. Louis and upon all the money and property held for that company, or owing to it by the Chesapeake & Ohio Railway Company and the Southern Railway Company. When the receiver had been appointed, he stood in the shoes of the furnace company and took its property subject to those liens. The coal company believed that its claim against the furnace company was secured (1) by the pledge of the mortgage bonds of that company of the par value of $3,000, (2) by its judgment lien on the real estate of the furnace company not covered by the mortgage securing the bonds, (3) and by its garnishment lien on the amounts of money and property owing to the furnace company by the railway companies. It had the right to pursue each and all of these securities until it obtained full payment of the debt owing to it by the furnace company. The federal court sold the mortgaged property and took the proceeds of the sale into its possession. The coal company presented its pledged bonds to that court "subject to whatever rights it had obtained by virtue of the garnishments," and prayed that it might share in the distribution of the proceeds of the mortgaged property. This was not a submission to but a reservation from the jurisdiction of the federal court of its claims under the garnishments, claims of which and of the property subject to which the state court had first acquired and still had jurisdiction exclusive of the federal court so far as was necessary to enforce the liens of the garnishments.

It was therefore error to require the coal company, either absolutely or as a condition of securing the benefit of its judgment lien on the real estate, not covered by the mortgage, which the federal court had taken and sold and had possession of the proceeds of, to require it to surrender the liens it had secured by the garnishments. Its liens upon the real estate and upon the money or property held for the furnace company by the railway companies were secured before the receiver was appointed. He and the court that appointed him took the property subject to those liens, and the coal company had both the legal and equitable right, until it obtained complete payment of the debt which the furnace company owed it, simultaneously to enforce each of those liens against the property subject to it in any and every court that had or acquired jurisdiction of that property.

Let the decree of distribution be modified by removing from it the

part which requires the coal company to "recall, dismiss, and release all executions upon any and all judgments procured by it against the St. Louis Blast Furnace Company and dismiss and release all garnishments sued out in aid of the same," and let the appellant recover its costs against the appellee.